

**SIGNED THIS 22nd day of November, 2019**

**THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.**

Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WESLEY ROGER COMER, JR. and | ) | CHAPTER 13 |
| CHRISTINA ELIZABETH LAWS, | ) | |
| | ) | |
| Debtors. | ) | CASE NO. 19-70593 |

| | | |
|---|---|---|
| | ) | |
| WESLEY ROGER COMER, JR. and | ) | |
| CHRISTINA ELIZABETH LAWS, | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | A.P. No. 19-07030 |
| | ) | |
| CARILION CLINIC | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The Debtors, Wesley Roger Comer, Jr. and Christina Elizabeth Laws (the "Debtors"), filed a joint voluntary petition under Chapter 13 of the United States Bankruptcy Code on April 29, 2019. The Debtors' Chapter 13 Plan was confirmed by order entered July 2, 2019. (Docket No. 32). On August 29, 2019, the Debtors filed an adversary proceeding against Carilion Clinic

1

("Carilion") for violation of the automatic stay of 11 U.S.C. § 362(a).[1] The Court issued a summons on August 30, 2019. (A.P. Docket No. 2). The Debtors filed a Request for Entry of Default when Carilion failed to file an answer, motion or responsive pleading within 30 days of the issuance of the summons. (A.P. Docket No. 4). The Clerk entered an Entry of Default against Carilion on October 2, 2019. (A.P. Docket No. 5). Thereafter, the Debtors filed the present Motion for Default Judgment on October 3, 2019. (A.P. Docket No. 6). An evidentiary hearing regarding damages was conducted on November 4, 2019, at which neither Carilion nor counsel for Carilion appeared. At the evidentiary hearing, the female Debtor, Christina Elizabeth Laws ("Ms. Laws"), testified. At the conclusion of the hearing, the Court took the matter under advisement.

## FINDINGS OF FACT

According to the Complaint, when the Debtors filed bankruptcy the Bankruptcy Noticing Center sent notice of the of the bankruptcy case filing to Carilion, which included language regarding the imposition of the automatic stay and what actions were not allowed by creditors as a result of the Debtors' bankruptcy filing. Compl. ¶ 5 & 6. Despite notice of the bankruptcy case, Carilion continued to send bills to the Debtors. *Id.* at ¶ 8. On June 6, 2019, the Debtors received an invoice for $769.70 addressed to the male Debtor, Wesley Comer ("Mr. Comer"), for services performed on December 29, 2018 and April 26, 2019. Compl. Ex. A. After receiving the invoice, Ms. Laws contacted Carilion by telephone, advised a representative of Carilion that the Debtors had filed bankruptcy, and provided the Debtors' bankruptcy case number. Compl. ¶ 10.

---

[1] The Complaint is incorrectly styled a "Complaint for Violation of Discharge Injunction." No discharge has in fact been entered in this case. In reality, a full reading of the Complaint indicates it is a complaint to enforce the automatic stay, not the discharge injunction.

The Complaint further states that on June 12, 2019, the Debtors received another invoice from Carilion stating that the account had been "placed in the Debt Recovery Department for Collection." Compl. Ex. B. On or about July 2, 2019, Debtors' counsel sent a letter to Carilion asking that Carilion refrain from any further attempts to collect on the pre-petition debt. Compl. ¶ 12. On July 7, 2019, the Debtors received another invoice from Carilion for $769.70 addressed to Mr. Comer for services incurred on December 29, 2018 and April 26, 2019. Compl. Ex. C. On or about July 22, 2019, Ms. Laws received a voicemail from Carilion asking that she return the call. Compl. ¶ 14. When Ms. Laws returned the call to Carilion, she was informed that the voicemail and callback request was regarding the bill owed to Carilion for pre-petition services performed for the Debtors' minor son. *Id.* On August 14, 2019, the Debtors received a notice from Carilion regarding a pre-petition service performed on April 26, 2019 stating "Your account has been billed for an extended period and is now severely past due. Please contact us within 30 days to resolve this matter or your account will be moved to a collection agency and interest will be added to your account. In addition, your collection status may be reported to credit reporting agencies." Compl. Ex. D. The Debtors again received another invoice with a date of August 6, 2019 seeking payment of $391.30 for a pre-petition service on April 26, 2019. Compl. Ex. E. At the November 4, 2019 evidentiary hearing, Ms. Laws testified that she received two additional invoices since filing the complaint against Carilion: one dated September 18, 2019 and one dated October 18, 2019, both addressed to Mr. Comer for services on April 26, 2019. Ex. G, H.

The Motion for Default Judgment requests that judgment be entered against Carilion and damages be assessed against Carilion. Presumably, although never mentioned, the Debtor seeks relief under 11 U.S.C. § 362(k)(1). Under Section 362(k)(1), when a willful violation of the

3

automatic stay is shown, the debtor "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

## JURISDICTION

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

## CONCLUSIONS OF LAW

When a debtor files a bankruptcy petition it "operates as a stay, applicable to all entities, of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). "The automatic stay is a bedrock principle upon which the Code is built; the importance of § 362 cannot be over-emphasized." *In re Seaton*, 462 B.R. 582, 591 (Bankr. E.D. Va. 2011) (citing *Grady v. A.H. Robins Co.*, 839 F.2d 198, 200 (4th Cir. 1988)). "The automatic stay is not a suggestion. The stay is a command." *Edwards v. B&E Transport, LLC (In re Edwards)*, No. 18-62164, 2019 WL 5677487, at *3 (Bankr. W.D. Va. Oct. 25, 2019).

A party seeking damages for violation of the automatic stay under Section 362(k)(1) must establish three elements: (1) "that a violation occurred," (2) "that the violation was committed willfully," and (iii) "that the violation caused actual damages." *Skillforce, Inc. v. Hafer*, 509 B.R. 523, 529 (Bankr. E.D. Va. 2014). To recover, the debtor "must prove the willful violation of an automatic stay by clear and convincing evidence." *Id.* To constitute a willful violation under Section 362(k), a creditor "need not act with specific intent but must only commit an

4

intentional act with knowledge of the automatic stay." *In re Thorne*, No. 08-80022, 2008 WL 2385991, at *1 (Bankr. M.D.N.C. June 11, 2008) (citing *In re Strumpf*, 37 F.3d 155, 159 (4th Cir. 1994), *rev'd on other grounds*, 516 U.S. 16 (1995)).  "Willfulness describes the intentional nature of action taken in violation of the stay, rather than the specific intent to violate the stay." *In re Banks*, 577 B.R. 659, 667 (Bankr. E.D. Va. 2017) (citing *In re Highsmith*, 542 B.R. 738, 748 (Bankr. M.D.N.C. 2015)).

In this case, the Court finds by clear and convincing evidence that Carilion willfully violated the automatic stay of 11 U.S.C. § 362(a).  Carilion sought to collect the balance for pre-petition services after receiving notice that the Debtors filed bankruptcy.  Additionally, this Court finds that Carilion's repeated contacts to the Debtors were willful.  After repeated attempts by Ms. Laws and Debtors' counsel, Carilion failed to cease communications with the Debtors.  Carilion has been given the opportunity to appear and be heard and has not chosen to do so.

Under 11 U.S.C. § 362(k)(1), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  "The award of actual damages is mandatory upon a finding of a willful violation of § 362." *Clayton v. King (In re Clayton)*, 235 B.R. 801, 810 (Bankr. M.D.N.C. 1998) (citations omitted).  To recover damages the debtor must prove actual damages by a preponderance of the evidence, based on "concrete, non-speculative evidence." *In re Seaton*, 462 B.R. at 595.

"Courts traditionally view 'actual damages' as a broad umbrella term, including, but not limited to, lost time damages, out-of-pocket expenses, and emotional damages." *In re Ojiegbe*, 539 B.R. 474, 479 (Bankr. D. Md. 2015).  At the hearing, Ms. Laws testified she had to miss a half day of work to meet with her counsel regarding the actions of Carilion.  She also testified

that she had to take the entire day off work to testify at the hearing. According to Ms. Laws' testimony at the hearing, she makes approximately $52,000 per year. Thus, based on a five-day work week at $200.00 a day, the Court awards Ms. Laws $300.00 for lost time.

To recover attorneys' fees under Section 362(k)(1) "such fees must be reasonable and necessary." *In re Miller*, 447 B.R. 425, 434 (Bankr. E.D. Pa. 2011). Debtors' counsel filed two Attorney Fee Affidavits ("Affidavit") on November 14, 2019 outlining attorneys' fee requests. (A.P. Docket No. 13). The Affidavit states that Malissa Lambert Giles, Esq. expended 1.25 hours of work at the billing rate of $350.00 per hour through the conclusion of the hearing held on November 4, 2019. The Affidavit further states that Heather Renae Parsons, Esq. expended 5.75 hours of work on this matter at the billing rate of $250.00 per hour. The total fees requested are $1,875.00. The Court finds that the fees requested in the Affidavits are necessary and reasonable. Counsels' hourly rates are within the market rates for bankruptcy professionals. Thus, the Court awards the Debtors $1,875.00 in attorneys' fees.

A debtor may recover emotional distress damages under Section 362(k). *In re Ojiegbe*, 539 B.R. at 480 (citations omitted). "While claims for fleeting or trivial emotional distress are not compensable, an individual who suffers significant harm and demonstrates a causal connection between the harm and the violation of the automatic stay is entitled to be compensated." *Green Tree Servicing, LLC v. Taylor*, 369 B.R. 282, 288 (Bankr. S.D. W. Va. 2007) (citations omitted). To prove emotional distress damages, the debtor must "(1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay." *In re Seaton*, 462 B.R. at 602 (citations omitted). In the case of *In re Hafer*, No. 13-10568-BFK, 2013 WL 5925167 (Bankr. E.D. Va. Nov. 5, 2013), the court stated "[u]nless the creditor's conduct is

particularly egregious, where emotional distress harm would be readily apparent, the claimant must establish emotional distress with corroborating evidence, such as expert testimony, medical testimony, or credible testimony from non-experts such as family members." *Id.* at *6. In the case of *In re Yankah*, No. 12-35627-KLP, 2015 WL 1331716, at *5,*7 (Bankr. E.D. Va. Mar. 20, 2015), the Court found that the debtor "failed to offer concrete evidence" of her emotional distress damages when she claimed that she "suffered interruption, annoyance, and continuing anxiety."

Here, like *Yankah*, there is insufficient evidence that the Debtors experienced significant emotional harm as a result of Carilion's actions to warrant an award of emotional distress damages. In the Complaint, it states "[t]he Debtors have suffered worry and anxiety over the impact of this collection action. . . .The male Debtor suffers from mental health disabilities, and the repeated invoices directed to the Debtors has caused additional unneeded stress." Compl. ¶ 17. At the November 4, 2019 hearing, Ms. Laws testified that the actions of Carilion made her feel like a failure. She further testified that she is responsible for her family's financial stability and feels like the actions of Carilion were her own fault. Despite this testimony, the Debtors failed to provide any corroborating evidence that they experienced significant emotional harm. Thus, the Court finds that there is insufficient evidence to award the Debtors emotional distress damages.

## **CONCLUSION**

For the foregoing reasons, this Court finds that the Motion for Default Judgment should be granted. The Court finds that Carilion willfully violated the automatic stay of 11 U.S.C. §

7

362(a). The Court further finds that the Debtors should be awarded $300.00 in actual lost time damages and $1,875.00 in attorneys' fees.[2]

A separate Order will be entered contemporaneously herewith.

---

[2] The Complaint made no request for punitive damages, and the Court awards none.